**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3935-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IBRAHIM S. DAO, a/k/a
ACE S. DAO,

     Defendant-Appellant.

_____

Submitted October 16, 2019 – Decided November 22, 2019

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-06-1877.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Natalie A. Schmid Drummond, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Ibrahim Dao appeals from an order, entered by the Law Division on August 23, 2017, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I

We begin with a summary of the relevant facts established at defendant's trial, as set forth in our opinion on direct appeal. State v. Dao, No. A-0166-14 (App. Div. Nov. 2, 2016). The Supreme Court denied defendant's petition for certification. State v. Dao, 228 N.J. 491 (2017).

On the evening of February 24, 2013, Gloucester Township

> police officers were dispatched to a residence for a domestic dispute. Although Corporal James Kaelin was not assigned to the call, he testified that he responded to the call since he was in the area and there was a 'flag file for that residence.' Kaelin was the first officer to arrive at the home. He described for the jury the altercation he and the other officers had with defendant, who resisted their efforts to subdue and arrest him, and the injuries that he and the other officers sustained during the skirmish.
>
> [Dao, slip op. at 2]

In addition, the other three responding officers also testified, describing the incident and the injuries they sustained. Defendant testified in his own defense, and claimed the police officers assaulted him for no reason whatsoever.

He claimed that on the evening in question, he decided to go to the hospital because he "was having shoulder pain," stemming from a previous truck accident. He "dialed 911 and asked for an ambulance to come to [his] address." Defendant's trial counsel declined to call defendant's girlfriend at the time, K.H., who was present for the entire encounter.[1]

Following the incident, K.H. gave a statement to the officers still on scene. She said defendant started "bugging" and accused her of "being sneaky." She continued, defendant then "called the cops or whatever and the ambulance so they could check me out for being sneaky. I'm not being myself." Regarding Corporal Kaelin's initial contact with defendant, K.H. stated "they tried to um … arrest him[] [b]ut he started tussling." She also recalled the officers were "trying to . . . put the cuffs on him and stuff but he kept turning."

In June 2013, a Camden County grand jury returned indictment No. 1877-06-13, charging defendant with four counts of third-degree aggravated assault on a police officer, contrary to N.J.S.A. 2C:12-1b(5)(a) (counts one through four), and third-degree resisting arrest, contrary to N.J.S.A. 2C:29-2a(3) (count five). On January 29, 2014, at the conclusion of a two-day trial, the jury returned a verdict finding defendant guilty on all counts. The trial court sentenced

---

[1] We refer to K.H. by her initials to preserve her privacy.

A-3935-17T1

defendant to an aggregate prison term of five years, with a parole ineligibility period of two and one-half years.

On May 25, 2017, defendant filed the petition for PCR under review. In his petition, defendant alleged his trial counsel provided ineffective assistance when he chose not to call K.H. as a witness and failed to enter the 911 transcripts into evidence.

Following oral argument, Judge John T. Kelley denied defendant's petition without an evidentiary hearing, after setting forth his reasons in a comprehensive oral opinion. As to trial counsel's alleged deficiency in failing to call K.H., the judge found defendant failed to establish a prima facie case of ineffective assistance. He found that K.H.'s recorded statements contradicted defendant's trial testimony and, therefore, trial counsel strategically chose not to call her as a witness. The judge also found K.H.'s prior convictions presented credibility issues, which likely factored into trial counsel's decision not to call her as a witness. Applying the applicable law to his findings, the judge concluded defendant failed to establish a prima facie case of ineffective assistance, as defendant's petition failed to demonstrate that his trial counsel provided deficient performance or that an injustice resulted.

A-3935-17T1

This appeal followed with defendant presenting the following point of argument:

POINT I

> THE PCR COURT ERRED IN DENYING THE PCR PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING BECAUSE ITS FACTUAL DETERMINATIONS THAT THE KEY DEFENSE WITNESS'S PRIOR STATEMENT WOULD HAVE BEEN INCONSISTENT WITH HER POTENTIAL TRIAL TESTIMONY WAS SIMPLY WRONG, AND IT INCORRECTLY DETERMINED, WITHOUT THE BENEFIT OF TESTIMONY, THAT THIS WITNESS WAS NOT CREDIBLE.

Defendant also filed a pro se supplemental "Reply Brief," in which he argues he should have been granted an evidentiary hearing on his petition.

Following our review of these arguments, in light of the record and applicable law, we affirm.

## II

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A-3935-17T1

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (internal quotation marks omitted) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)

The record supports Judge Kelley's determination that defendant failed to present a prima facie case of ineffective assistance of counsel. Considering that

K.H.'s recorded statements contradicted defendant's trial testimony and that her prior convictions presented credibility issues, trial counsel's decision not to call K.H. as a witness was a reasonable strategic decision. Moreover, defendant was not prejudiced by counsel's decision. As the judge noted, K.H.'s testimony could have hurt, rather than helped, the defense.

Defendant further argues Judge Kelley abused his discretion by denying an evidentiary hearing, asserting the existence of genuine issues of material fact. PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original). Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The record amply supports Judge Kelley's findings and conclusions. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He did not demonstrate the required prejudice. Having

A-3935-17T1

failed to establish a prima facie case on both prongs of <u>Strickland</u>, defendant was not entitled to an evidentiary hearing. <u>Preciose</u>, 129 N.J. at 462. Accordingly, we discern no abuse of discretion in the denial of an evidentiary hearing.

To the extent we have not addressed any arguments raised by defendant, we have deemed such arguments lacking in sufficient merit to warrant comment in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3935-17T1